**Alberto YANEZ–CARDENAS; Gregoria Cardenas–Conejo, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–70599.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

Alberto Yanez–Cardenas, Elma, WA, pro se.

Gregoria Cardenas–Conejo, Elma, WA, pro se.

Channah Farber, John S. Hogan, Jennifer L. Lightbody, Esquire, Kathleen Kelly Volkert, Office of Immigration Litigation Civil Division, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Alberto Yanez–Cardenas and Gregoria Cardenas–Conejo, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Petitioners contend that they were denied due process because the transcript of their removal proceedings was incomplete. We agree with the BIA that petitioners' contention is unavailing because they failed to demonstrate how a full transcript would have affected the outcome of the proceedings. *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge).

Petitioners' contention that the IJ erred by failing to certify on the record that he had reviewed the tapes and familiarized himself with the record pursuant to 8

C.F.R. § 1240.1(b) is not supported by the record.

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

